# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDUARD DAVIS, | Case No. 2:17-cv-01824-JCM-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION FOR ENTRY OF DISMISSAL |
| vs. | |
| SAFECO INSURANCE COMPANY, et al., | |
| Defendant(s). | |

This matter comes to the Court on the failure of Plaintiff to either retain new counsel or file a notice of intent to proceed *pro se*. For the reasons discussed more fully below, the Court **RECOMMENDS** that this case be dismissed.

On November 27, 2017, the Court held a hearing and granted Plaintiff's former counsel's motion to withdraw as counsel. Docket No. 49. The Court ordered Plaintiff "to either retain new counsel, who must file a notice of appearance in accordance with the Local Rules of Practice, or to file a notice of intent to proceed *pro se*" no later than January 8, 2018. *Id.* On January 17, 2018, the Court ordered Plaintiff to show cause by January 26, 2018, why the Court should not dismiss the instant case for his failure to meet the January 8, 2018 deadline. Docket No. 57. Plaintiff filed a motion for extension of time (Docket No. 58), which the Court granted, and ordered Plaintiff to either retain new counsel or to file a notice of intent to proceed *pro se* no later than March 1, 2018. Docket No. 59.

To date, the Court has not received a notice of appearance by an attorney on Plaintiff's behalf, a notice of intent to proceed *pro se*, nor a request to extend the time to do either, despite providing Plaintiff with two opportunities to comply with the Court's orders. Plaintiff's willful failure to comply

with the Court's orders and to retain new counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with Court orders and to obtain new counsel so that he may continue to participate in this case.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: March 13, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge