UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDUARD DAVIS, | Case No. 2:17-CV-1824 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SAFECO INSURANCE COMPANY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Allen Bloomgren's motion for summary judgment. (ECF No. 55). Plaintiff Eduard Davis filed a response (ECF No. 60), to which defendant replied (ECF No. 62).

Also before the court is Magistrate Judge Koppe's report and recommendation ("R&R"). (ECF No. 62). Plaintiff filed an objection (ECF No. 64), to which defendant responded (ECF No. 66).

**I.  Facts**

This action arises out of an alleged water leak that caused damage to plaintiff's apartment. (ECF No. 1). On March 7, 2015, while on a business trip in Atlanta, Georgia, plaintiff received a phone call regarding the leak. *Id.* Plaintiff immediately returned to Las Vegas to assess the damage. *Id.* Plaintiff's complaint alleges the "water leak was caused by a faulty and/or worn out part of a toilet." *Id.*

On March 17, 2015, plaintiff mailed defendant Safeco Insurance Company ("Safeco") a "Valuation of Damages Sustained" letter. *Id.* On July 1, 2015, plaintiff sent Safeco a demand

**James C. Mahan**
**U.S. District Judge**

letter. *Id.* As of the date plaintiff filed his complaint, neither Safeco nor Bloomgren had compensated plaintiff for the damages allegedly sustained as a result of the water leak.[1] *Id.*

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

---

[1] On August 15, 2017, plaintiff and defendant Safeco filed a stipulation of voluntary dismissal. (ECF No. 23). On August 17, 2017, the court dismissed plaintiff's claims against Safeco with prejudice. (ECF No. 25).

**James C. Mahan**
**U.S. District Judge**

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

A negligence claim under Nevada law must adequately demonstrate: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached the duty of care; (3) actual and proximate causation; and (4) damages. *Hammerstein v. Jean Dev. West*, 111 Nev. 1471, 1475 (1995). A plaintiff's failure to establish any of these elements entitles a defendant to summary judgment. *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

Defendant argues that summary judgment in his favor is proper as plaintiff has failed to disclose any evidence whatsoever during discovery, which is now closed. (ECF No. 55).

Defendant asserts that without any evidence, plaintiff cannot establish any of the elements of negligence. *Id.*; *see* (ECF No. 61) ("Plaintiff did not disclose any witnesses, documents or a damages computation pursuant to Fed. R. Civ. P. 26(a). Without any evidence, plaintiff cannot prove his negligence claim. . . . His response contains no evidence whatsoever."). The court agrees.

Plaintiff's response to defendant's motion is devoted to the argument that plaintiff's failure to disclose evidence is both justified and harmless. (ECF No. 60). However, plaintiff's response does not discuss the substance of any evidence supporting plaintiff's claims or explain how the evidence precludes judgment in favor of defendant.[2] Therefore, the court will grant defendant's motion for summary judgment, as defendant has "demonstrate[ed] that [plaintiff] failed to make a showing sufficient to establish an element essential to [plaintiff's] case on which [plaintiff] will bear the burden of proof at trial." *See Celotex Corp.*, 477 U.S. at 323–24.

Defendant's motion states that his third-party complaint for indemnification and contribution should be dismissed if the court grants defendant's motion. (ECF No. 55). The court will dismiss defendant's third-party complaint.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 55) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Koppe's R&R (ECF No. 62) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's third party complaint be, and the same hereby is, DISMISSED.

. . .

. . .

---

[2] Plaintiff filed a *pro se* response to defendant's motion. Since filing that response, plaintiff has obtained counsel who has filed a notice of appearance with this court and an objection to Magistrate Judge Koppe's R&R. (ECF Nos. 63, 64). However, counsel has not filed any document with this court discussing plaintiff's failure to comply with Rule 26 or discussing any evidence plaintiff can present to support his negligence claim.

James C. Mahan
U.S. District Judge

- 4 -

The clerk shall enter judgment accordingly and close the case.

DATED June 28, 2018.

                                              /s/ James C. Mahan
                                        UNITED STATES DISTRICT JUDGE